IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HURT, | No. C 12-05057 SI |
| Plaintiff, | **ORDER TRANSFERRING ACTION TO THE FEDERAL DISTRICT COURT IN THE DISTRICT OF COLUMBIA** |
| v. | |
| UNIT 32, | |
| Defendant. | |

On September 27, 2012, plaintiff Tyrone Hurt filed this action against defendant Unit 32, 422 Chesapeake Street SE, Washington, D.C. 20032. Plaintiff's address is Unit 32, 422 Chesapeake Street SE, Washington, D.C., 20032. Complaint 1. Plaintiff seeks relief for alleged violations of federal law, including 42 U.S.C. § 1983 and the Eighth Amendment. *Id.* at 1-2.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A decision to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the

relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000). The Court has broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

In the instant case, plaintiff Tyrone Hurt is a resident of Washington, D.C. Additionally, defendant Unit 32 is real property located in Washington, D.C. Thus, venue in the District of Columbia is more convenient to both the plaintiff and defendant in this case. Although the complaint contains almost no facts fleshing out the claims asserted, it appears that Washington, D.C. is likely to be more convenient to any witnesses in this case, and it will likely be the location of much of the evidence in this case. Moreover, there may be a local interest in this case because real property in Washington, D.C. is at issue.

Therefore, all relevant factors weigh in favor of transfer to the District of Columbia, and no factors weigh against transfer. Given the Court's broad discretion, the Court hereby TRANSFERS this action to the Federal District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated: October 24, 2012

SUSAN ILLSTON
United States District Judge